RECEIVED
NOV 2 6 2018
CLERK U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ELROY J BROWN II<br>Plaintiff<br><br>v.<br><br>UNIVERSITY HEALTH SYSTEMS, INC,<br>THERESA SCEPANSKI, DENISE<br>DESCOTEAUX, MARTHA RODRIGUEZ,<br>BETTY VESTAL, LIZ MARTINEZ, AND<br>LYDIA MESQUITI | §<br>§<br>§ SA18CA1224 OG<br>§<br>§   CIVIL ACTION NO._____<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

I.

NOW COMES ELROY J. BROWN II ("Plaintiff" or "BROWN") complaining of and about University Health Systems, Inc,(UHS)), Theresa Scepanski (SCEPANSKI), Denise Descoteaux (DESCOTEAUX), Martha Rodriquez(RODRIGUEZ), Betty Vestal (VESTAL), Liz Martinez (MARTINEZ), and Lydia Mesquiti (MESQUITI), ("Defendants" or by name), and for his cause of action would show unto the Court that this is an action brought under the Employment Discrimination on the basis of race with applicable jurisdiction under Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.)

The Jurisdiction of this court is predicated up 28 U.S.C. §§ 1331.
Plaintiff asserts claims for equitable relief against Defendants under 42 USC 1984
Venue is prescribed pursuant to 28 U.S.C. § 1391 and properly lies in the San Antonio Division of the Western District of Texas

II.

Plaintiff is an adult African male and is a resident of Bexar County, Texas.

Defendant University Health Systems, Inc., is a Corporation doing business in Texas, and may be served with process by serving its registered agent, George B. Hernandez at 4205 Medical Drive, San Antonio, Texas 78229.

Defendant, Theresa Scepanski, is a resident of Bexar County, Texas and may be served with process at 200 North Comal Street, San Antonio Texas 78207.

Defendant, Denise Descoteaux, is a resident of Bexar County, Texas and may be served with

process at 200 North Comal Street, San Antonio Texas 78207.

Defendant, Martha Rodriquez, is a resident of Bexar County, Texas and may be served with process at 200 North Comal Street, San Antonio Texas 78207.

Defendant, Betty Vestal, is a resident of Bexar County, Texas and may be served with process at 200 North Comal Street, San Antonio Texas 78207.

Defendant, Liz Martinez, is a resident of Bexar County, Texas and may be served with process at 200 North Comal Street, San Antonio Texas 78207.

Defendant, Lydia Mesquiti, is a resident of Bexar County, Texas and may be served with process at 200 North Comal Street, San Antonio Texas 78207.

### III.
Plaintiff filed charges against the Defendants with the Equal Employment Opportunity Commission (E.E.O.C.) charging Defendants with acts of discrimination indicated in paragraph IV of this complaint on or about December 19, 2017.

### IV.
The E.E.O.C. issued a Notice of Right to Sue which was received by plaintiff on August 22, 2018 (See Exhibit A). The E.E.O.C. issued a Determination in Plaintiff's case. (See Exhibit A)

### V.
Because of Plaintiff's African race, color, and prior complaint of discrimination or opposition to acts of discrimination, Defendants retaliated against Plaintiff by revoking Plaintiff's security clearance which thereby caused constructive employment termination.

### FACTUAL BACKGROUND
### VI.

Incident 1
On or about March 2016 when Plaintiff addressed one Caucasian employee that Plaintiff was supervising at the time for insubordination. Plaintiff gave her verbal warning and informed Plaintiff's direct supervisor Denise Descoteux, Defendant who is also Caucasian. Weeks Later Plaintiff had to address another employee, Alyssa Entzi, Caucasian female co-worker who was being inappropriate with inmates request.

On or about May 16th, 2016 Plaintiff was called in by Plaintiff's supervisor and told that the two white employees reported to Denise Descoteux that BROWN made them feel uncomfortable and at Denise Descoteuxs request to be careful with his boundaries. At that time Plaintiff demanded a meeting with the supervisor and the director Lydia Mesquiti in order to protect his and to have record of the allegations.

A meeting was held at BROWN's request, only Alyssa Entzi, Defendant Denise Descoteux, and Defendant at Lydia Mesquiti were present. After addressing the facts, BROWN was told this was a misunderstanding.

Plaintiff then filed a complaint to HR for work place bullying. HR indicated at the time of the phone call that reports made by both females should have been reported to HR based on the no tolerance policy. Plaintiff's case was dismissed for workplace bullying.

### Incident 2

As a salaried employee Plaintiff was asked to clock in to monitor the time Plaintiff arrived to work when a Caucasian female staff where allowed to report late to work, as salaried staff, without the same expectations.

### Incident 3

On or about October 1st 2017 Plaintiff reported two white nurses who neglected a patient during an intake and had to go get the Physician assistant to demand that the patient get treatment because the patient was a paraplegic sitting in her own feces.

Weeks following that event Plaintiff was asked to write a statement about a report Defendant Liz Martinez, a Caucasian female, made indicating that BROWN was neglecting his duties at the very beginning of his shift when it was clear that seeing patients at that time was the responsibility of the second shift.

In Plaintiff's response he indicated his concerns of being retaliated against and asked if he needed to retain an attorney since he was being asked to rebut something that could and should have been handled by his supervisor since she was clear on the structure of the department and there were no concerns reported by the supervisor.

### Incident 4

On or about October 2017 Plaintiff had an occurrence where he came upon a document on a patient who turned out to be the wrong patient; however his symptoms in the report where not consistent with the prognosis by another white case manager who ignored Plaintiff's suggestion to have medical look at him. The patient died the following day.

## VII.
## Count I
## Race Discrimination 42 USC 1981

A. Plaintiff incorporates the proceeding facts as if fully set forth within.
B. Plaintiff was discriminated against because of his race.
C. Defendants constructively discharged Plaintiff from employment because of his race. (African American).

D. Plaintiff complained about treatment he received and comments directed at him and others.
E. Defendants intentionally made concrete, false accusations, of wrongdoing against Plaintiff and caused him to be constructively discharged from employment.
F. The allegations made against Plaintiff are false and were the pretext for the true discriminatory animus behind defendants' intention.
G. Defendant's actions have caused and continue to cause Plaintiff damages in excess of the minimum jurisdictional limits of this court.

## VIII.
## Count II
## Retaliation
## Race Discrimination 42 US 1981

A. Plaintiff incorporates the proceeding facts as if fully set forth within.
B. Plaintiff was discriminated against because of his race.
C. Defendants constructively discharged Plaintiff from employment because of his race. (African American).
D. Plaintiff complained about treatment he received and comments directed at him and others.
E. For having made complaints about Race type discrimination, Plaintiff endured retaliation.
F. Defendant's actions have caused and continue to cause Plaintiff damages in excess of the minimum jurisdictional limits of this court.

## IX.

Plaintiff has attached to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission. This charge is submitted as a brief statement of the facts supporting this complaint.

## X.

Plaintiff hereby demands a Jury Trial.

## Prayer

WHEREFORE, Plaintiff demands judgment against the Defendant and prays for:

a. Actual damages, including regular wages, back pay, loss of benefits, mental anguish damages, and other compensatory damages;
b. Compensation for all special damages;
c. punitive damages;
d. reinstatement of security clearance;
e. pre and post-judgment interest;

    f.   costs of court; and
    g.   any other relief, both at law or in equity, as the Court deems just and appropriate

I certify under penalty of perjury that the foregoing is true and correct

_/s/ Elroy J. Brown II_
Elroy J. Brown II, Plaintiff

_10434 Branch Post, San Antonio, TX 78245_
Address of Plaintiff

_210-995-0144_
Telephone number

EEOC Form 161 (11/16)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Elroy J. Brown, II
10434 Branch Post
San, TX 78245

From: San Antonio Field Office
5410 Fredericksburg Rd
Suite 200
San Antonio, TX 78229

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2018-00791 | Arlene Williams-Tillman, Investigator | (210) 281-7652 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Travis G. Hicks,
Director

8/22/2018 (Date Mailed)

Enclosures(s)

cc: Michelle Garcia
Assistant Director
**UNIVERSITY HOSPITAL**
4052 Medical Drive
San Antonio, TX 78229

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 451-2018-00791 |

**Texas Workforce Commission Civil Rights Division** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Elroy J. Brown, II | 210-995-0144 | 1975 |

Street Address: 10434 Branch Post, San, TX 78245
City, State and ZIP Code:

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| UNIVERSITY HOSPITAL | 15 - 100 | 210-358-2062 |

Street Address: 4052 MEDICAL DRIVE, San Antonio, TX 78229

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address:

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-05-2017   Latest: 12-05-2017
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On November 20, 2017, around 10 pm, I was approached by officer Medillin who had concerns about "Mr. B" who had voiced to him that he was not ready to come off full suicide precautions (FSP) and was reportedly displaying self harm behaviors. Officer Medillin stated that he was not allowed to ask certain questions because he was told not to investigate and to bring the patient to Mental Health for an assessment and the restraint chair was no longer an option when patients are harming themselves. At this time I had reviewed patients file and seen that he was recently taken off of FSP and proceeded to interview him for suicidal ideations.

During the assessment patient indicated that "I just needed to clear my head because I can't be around people right now" and discussed his future plans once he is expedited to deal with his legal matters. The patient stated that he needed to be placed in LC after being told that he would be placed on FSP since he could not contact for safety. The patient was explained the concerns, I had with him wanting to return to LC when his main reason for being suicidal was because he couldn't be around

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Dec 19, 2017        [signature]<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>451-2018-00791 |
|---|---|---|

Texas Workforce Commission Civil Rights Division _____ and EEOC
*State or local Agency, if any*

people. At this time I went to the Medical Security (Corp. Aguirre) and used the phone to call classifications to have patient housed in A tower FSP and the patient stated "you gonna do me like that" and as I was turning to use the phone the patient apparently banged his head several times and went to the ground. After speaking with classification and hearing the loud banging sound I went to the Medical treatment hall for safety.

At this time the patient was focused on being housed only in LC after he was encouraged to indicate any concerns he had with housing and did not report any fear of safety. After briefly speaking to Liz M. R.N. who came to check on the noise and two inmates in the Medical Security area I went back to the Mental Health Office. At one point while walking to the office, Corp. Aguirre stated "lucky he didn't do something to you" and I agreed. Officer Medellin came into the office and thanked me while Mental Health Counselor Diane R. was in the office. He than stated that he "liked the way I handled the situation, I'm not allowed to ask all those questions because I don't have the license to deal with something that my come up." After processing the incident with Medellin documentation was notated in the patient's chart and I proceeded to handling duties assigned for the shift. The patient was placed on FSP and a follow-up with the psychiatrist was initiated.

On November 22, 2017, I received a call from Denise Descoteux my direct supervisor. Ms. Descoteux advised me that I was being suspended without pay. Ms. Descoteux stated that I was being investigated by the jail but she did not know why. Ms. Descoteux further advised me that I was being suspended without pay.

On November 27th or 28th Denise called me and advised me to write a statement regarding the incident that happened on November 20, 2017. I wrote out my statement and met with Lydia Mesquiti the Mental Health Director at the Jail and Stacy Blum, Employee Relations Coordinator. At this meeting I was presented with a Formal Group A-2D Disregarding Job Responsibilities. The Formal Group A-2D paper presented to me was misleading and inaccurate. In fact this Formal Group A-2D did not depict what was on the security video. I wrote a rebuttal to the Formal Group A-2D paper because I did not want inaccurate information in my file. Also, during the Formal Group A-2D meeting, I point out others in the video that were in violation of hospital policy and jail policy. I pointed out that I was the only Black person in the security video. I pointed out other incidents that resulted in the patient's death, neglect and abuse by White females in this same video who were not reprimanded.

Stacy Blum sent me a letter dated December 1, 2017, asking me to write a letter indicating why I thought I was being subjected to retaliation. Ms. Blum excluded any reference to discrimination in her letter to me.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Dec 19, 2017<br>*Date*  *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 451-2018-00791 |

Texas Workforce Commission Civil Rights Division                 and EEOC
*State or local Agency, if any*

On December 5, 2017, I received a letter from Martha Rodriguez Senior Director at the Jail through the University Health System advising me as of December 5, 2017, the Bexar County Sheriff's Department revoked my security clearance effective December 4, 2017.

I called Ms. Michelle Garcia the Assistant HR Director regarding my termination of employment. I asked Ms. Garcia if I could be relocated to a different hospital site. Ms. Garcia advised me that I could not be relocated after losing clearance.

On December 15, 2017, I received a letter from Michelle Garcia advising me that they were voiding my Group A and my suspension that began on November 22, 2017. This letter was different from the first letter dated December 5, 2017 which was my first termination letter. According to the December 15, 2017, letter I was being discharged because I lost my clearance. In other words University Health System is revoking or disregarding my Group A-2D violation and my suspension without pay in order to destroy the video which exonerates me from any wrong doing and indicates other employees neglecting their job responsibilities to keep the patient's safe.

I am aware of other University Health System and Jail employees who have abused, neglected and demoralized patients. Some of this neglect may have resulted in death, physical harm, and mental harm to patients. Denise Sanchez a University employee that worked inside the jail lost her clearance yet she was allowed to retain her employment and relocated to the main University Hospital. Lacy a White LVN bragged about slapping a patient in front of my employee Diana Rojas and Nurse Mitzu. This incident was documented in a statement by Diana Rojas Mental Health Counselor and given to Denise Descoteaux my Manager. Liz Martinez the nurse clinic supervisor neglected a patient. Lacy made fun of a homeless patient's buttocks while looking a this patient's chart; Lacy commented on the holes and ulcers in this homeless patient's "Hairy Butt" while neglecting this patient.

I believe I have been discriminated against based on my race (Black) and retaliation for having complained about the discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

2017 DEC 19 A 9:45

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Dec 19, 2017       *[signature]*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
SAN ANTONIO FIELD OFFICE
5410 FREDERICKSBURG ROAD SUITE 200
SAN ANTONIO, TX 78229-3555

AN EQUAL OPPORTUNITY EMPLOYER

Elroy J. Brown, II
10434 Branch Post
San, TX 78245